**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MICHAEL PAUL DAVIS,**

**Petitioner,**

**v.** **CASE NO. 8:23-cv-2105-CEH-SPF**

**SECRETARY, Department of Corrections,**

**Respondent.**

______________________________________/

**O R D E R**

Michael Paul Davis filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 together with a supporting memorandum of law. (Docs. 1, 2). Respondent filed a response with supporting exhibits. (Doc. 11). Davis filed a reply with exhibits. (Doc. 14). Upon consideration, Davis is not entitled to federal habeas relief.

## I. Background and Procedural History

Davis is in the custody of the Florida Department of Corrections pursuant to criminal judgments entered by the Circuit Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida. He is serving concurrent twenty-year terms of imprisonment followed by ten years of sex-offender probation. (Respondent's Ex. 5).

On March 28, 2016, the State of Florida charged Davis by Information with three counts of capital sexual battery upon a child under twelve years of age. The

offenses allegedly occurred during a charging period spanning approximately March 2013 through April 2014. (Resp. Ex. 3). Before trial, however, Davis and the State reached a negotiated resolution under which the State agreed to reduce each count to attempted capital sexual battery. In exchange, Davis agreed to plead guilty and accept a negotiated sentence of twenty years' imprisonment followed by ten years of sex-offender probation. (Resp. Ex. 4).

At the change-of-plea hearing, defense counsel advised the trial court that he had discussed the case and the negotiated plea agreement with Davis and that Davis wished to accept the plea because he believed doing so was in his best interest. (*Id.* at 4–7). The trial court then conducted a thorough plea colloquy. Davis confirmed under oath that he was satisfied with counsel's representation, understood the rights he would waive by pleading guilty, understood the maximum penalties associated with the offenses and the negotiated sentence, and was entering the plea freely and voluntarily. After finding that the plea was knowingly, intelligently, and voluntarily entered and supported by an independent factual basis, the trial court accepted the plea and imposed the negotiated sentence. (*Id.* at 7–13.)

Davis appealed his convictions and sentences, and Florida's Second District Court of Appeal per curiam affirmed without a written opinion. (Resp. Exs. 6–9).

Following the conclusion of his direct appeal, Davis sought collateral relief in the state courts. He filed motions to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), which the trial court denied. The Second District Court of Appeal affirmed. (Resp. Exs. 10–15). Davis subsequently filed an initial and

then an amended motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, asserting several claims of ineffective assistance of trial counsel arising from counsel's investigation of the case and advice preceding the entry of his guilty plea. The post-conviction court entered a written order denying relief on each claim, and the Second District Court of Appeal per curiam affirmed without a written opinion. (Resp. Exs. 17–22).

Davis then filed the present habeas petition under Section 2254, raising four claims of ineffective assistance of counsel. Because the state courts adjudicated each habeas claim on the merits, this Court reviews Davis's claims under the deferential standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

## II. Governing Legal Principles

### A. AEDPA

This Court's review of Davis's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a federal court may not grant habeas relief unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts governing Supreme Court precedent or reaches a different result on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). A state court unreasonably applies clearly established federal law only when its application of Supreme Court precedent is objectively unreasonable, not merely incorrect. *Id.* at 409–13.

AEDPA imposes a highly deferential standard of review. Federal habeas relief functions as "a guard against extreme malfunctions in the state criminal justice systems," not as a substitute for ordinary error correction. *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quotation omitted). Thus, relief is unavailable unless the state court's decision was so lacking in justification that there was no possibility for fair-minded disagreement. *Id.* at 103. In evaluating claims previously adjudicated on the merits, review is generally limited to the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

**B. Ineffective Assistance of Counsel**

Each of Davis's claims alleges ineffective assistance of trial counsel and is therefore governed by *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail, a petitioner must establish both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.* at 687–88. Judicial scrutiny of counsel's performance is highly deferential. Courts

must avoid the distorting effects of hindsight and indulge a strong presumption that counsel rendered reasonable professional assistance. *Id.* at 689.

To establish prejudice, a petitioner ordinarily must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694. Because both deficient performance and prejudice are required, a court may reject an ineffective-assistance claim upon determining that either element has not been established. *Id.* at 697.

**C. Guilty Pleas**

Because Davis entered a negotiated guilty plea, the prejudice inquiry is governed by *Hill v. Lockhart*, 474 U.S. 52 (1985). In that context, a petitioner must demonstrate a reasonable probability that, absent counsel's alleged deficiencies, he would have rejected the plea agreement and insisted on proceeding to trial. *Id.* at 59. A petitioner's after-the-fact assertion that he would have insisted on trial is not, standing alone, sufficient to establish prejudice. Rather, that assertion must be evaluated in light of the totality of the circumstances surrounding the plea, including the strength of the State's case and the likely consequences of proceeding to trial.

**D. Double Deference**

When a state court has rejected an ineffective-assistance claim on the merits, federal habeas review is "doubly deferential." *Burt v. Titlow*, 571 U.S. 12, 15 (2013); *Richter*, 562 U.S. at 105. Accordingly, the question is not whether counsel performed deficiently. Rather, the question is whether the post-conviction court unreasonably

concluded that Davis failed to satisfy *Strickland*. The Court applies these principles to each of Davis's claims below.

## III. Discussion

### A. Ground One

In Ground One, Davis contends that trial counsel rendered ineffective assistance by failing to investigate and interview Dillon Hartley, the victim's brother. Davis alleges Hartley resided in the home during the relevant period, routinely awoke before Davis on school mornings, accompanied Davis to school, never observed Davis enter victim N.S.'s bedroom, and could have impeached portions of the victim's account. According to Davis, had counsel interviewed Hartley and advised him concerning the significance of that testimony, he would have rejected the negotiated plea and proceeded to trial.

The state post-conviction court rejected this claim after concluding that Hartley's proposed testimony, even assuming it to be true, did not undermine the factual basis for the offenses charged. (Resp. Ex. 18 at 9–10). The court explained that Hartley's observations were confined primarily to school mornings and therefore did not account for the broader charging period. (*Id.*). Because the proposed testimony did not establish that Davis could not have committed the offenses, the court concluded Davis failed to demonstrate a reasonable probability that additional investigation would have altered his decision to plead guilty. (*Id.* at 9–10). That determination was a reasonable application of *Strickland* and *Hill*. Although counsel has a duty to conduct a reasonable investigation, the Sixth Amendment does not require relief whenever

additional evidence can be imagined after a guilty plea. In the plea context, the dispositive question is whether there is a reasonable probability that, but for counsel's alleged deficiency, the defendant would have rejected the plea and insisted on trial.

The post-conviction court reasonably concluded that Hartley's testimony would not have materially strengthened the defense. Even fully crediting Davis's allegations, Hartley's proposed testimony did not foreclose the possibility that the offenses occurred during times outside his observations. (Resp. Ex. 18 at 10). Thus, the court reasonably determined that the testimony did not materially diminish the State's case or create a reasonable probability that Davis would have chosen trial instead of accepting the negotiated disposition.

The plea colloquy reinforces that conclusion. Davis confirmed under oath that he had sufficient time to consult with counsel, was satisfied with counsel's representation, understood the rights he was waiving, and wished to plead guilty. (Resp. Ex. 4). Such sworn declarations carry a strong presumption of verity and weigh heavily against his present assertion that he would have rejected the plea had counsel conducted additional investigation.

Considering the limited value of Hartley's proposed testimony, the substantial benefit obtained through the negotiated plea, and the doubly deferential review required by § 2254(d), the Court cannot conclude that the state court's rejection of this claim was objectively unreasonable. Ground One, therefore, affords no basis for federal habeas relief.

**B. Ground Two**

In Ground Two, Davis contends trial counsel rendered ineffective assistance by advising him that he could plead guilty, later withdraw his plea if he became dissatisfied, and then pursue a direct appeal. According to Davis, counsel's erroneous advice induced him to accept the negotiated plea when he otherwise would have insisted on proceeding to trial. Davis, therefore, contends his guilty plea was involuntary.

The state post-conviction court rejected this claim on the merits. It found Davis's allegation unpersuasive because the plea colloquy demonstrated that he knowingly and voluntarily entered the negotiated plea after being fully advised of the rights he was relinquishing and the consequences of pleading guilty. The court further concluded Davis failed to establish prejudice because the record did not support his assertion that, absent counsel's alleged advice, he would have rejected the plea and insisted on proceeding to trial. The court also observed that, to the extent Davis believed he could no longer afford retained counsel, he could have requested appointment of counsel rather than entering a plea based upon incorrect legal advice. (Ex. 18 at 8–9.) That determination was neither contrary to nor an unreasonable application of clearly established federal law.

As discussed above, to establish ineffective assistance in the guilty-plea context, a petitioner must demonstrate both constitutionally deficient performance and a reasonable probability that, but for counsel's alleged error, he would have rejected the plea and insisted on proceeding to trial. The post-conviction court reasonably concluded that Davis failed to satisfy this standard in light of his sworn colloquy and

the absence of objective evidence supporting his present allegations. Although Davis now alleges counsel advised him that he could withdraw his plea after sentencing if he became dissatisfied, the contemporaneous plea proceedings substantially undermine that assertion. During the plea colloquy, Davis confirmed under oath that he had discussed the case with counsel, understood the negotiated plea agreement and the rights he was waiving, was satisfied with counsel's representation, and was entering the plea knowingly and voluntarily. He further confirmed that no one had forced, threatened, or improperly induced him to plead guilty. (Resp. Ex. 4.) Such solemn declarations "carry a strong presumption of verity" and constitute a formidable barrier to subsequent collateral attacks based upon contrary allegations. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

The post-conviction court likewise reasonably determined that Davis failed to establish prejudice. Davis received the benefit of a negotiated disposition that substantially reduced his sentencing exposure. Nothing in the record compelled the state court to conclude there was a reasonable probability Davis would have rejected that agreement and insisted on proceeding to trial had counsel not allegedly advised him concerning withdrawal of the plea. Davis also has not shown that the state court acted unreasonably in observing that, if financial concerns truly affected his ability to continue with retained counsel, he could have sought appointment of counsel rather than entering an involuntary plea. (Ex. 18 at 8–9.)

Under AEDPA's doubly deferential standard, fair-minded jurists could agree with the post-conviction court's rejection of this ineffective-assistance claim. Davis has

not demonstrated that the state court's adjudication was contrary to, or involved an unreasonable application of *Strickland* and *Hill,* or rested on an unreasonable determination of the facts. Ground Two, therefore, warrants no federal habeas relief.

**C. Ground Three**

In Ground Three, Davis argues that trial counsel rendered ineffective assistance by failing to investigate and develop a defense based on his theory that the victim previously had been abused by another individual, known as "Peanut," and psychologically transferred those memories to Davis. He contends counsel should have investigated the prior abuse, interviewed additional witnesses, retained a psychological expert, and presented expert testimony concerning psychological transference. Davis maintains that, had counsel done so, he would have rejected the plea agreement and proceeded to trial.

The post-conviction court reasonably rejected the claim, finding it rested on speculation rather than competent evidence. Davis identified no qualified expert who would have supported the proposed theory, alleged no facts demonstrating that such testimony actually existed, and failed to establish that the proposed evidence would have been admissible under Florida law. The court further concluded that Davis had not shown a reasonable probability that additional investigation would have altered his decision to plead guilty. (Resp. Ex. 18 at 6–8). That determination survives review under AEDPA. *Strickland* does not require counsel to pursue speculative defenses unsupported by competent evidence, nor does it require a court to assume that unidentified experts would have supplied favorable testimony. Allegations that an

expert might have supported a defense are insufficient to establish deficient performance or prejudice.

The post-conviction court also reasonably considered the limits imposed by Florida evidentiary law in evaluating the viability of Davis's proposed defense. Whether evidence concerning the victim's prior abuse would have been admissible is principally a matter of state law. A federal habeas court does not reexamine a state court's determination of state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The relevant federal question is whether the resulting application of *Strickland* was objectively unreasonable. Davis has not made that showing.

Davis also has not demonstrated *Hill* prejudice. Even assuming counsel had pursued the additional investigation Davis proposes, the post-conviction court reasonably concluded that he failed to establish a reasonable probability that he would have rejected the negotiated plea and insisted on trial. The plea colloquy reflects that Davis knowingly accepted a negotiated disposition after consulting with counsel, and nothing in the record renders the state court's contrary conclusion unreasonable.

Because fair-minded jurists could agree with the post-conviction court's resolution of this ineffective-assistance claim, Section 2254(d) precludes relief. Ground Three is, therefore, denied.

**D. Ground Four**

In Ground Four, Davis contends that trial counsel rendered ineffective assistance by failing to investigate and advise him concerning the five additional charges the State intended to file if he rejected the negotiated plea offer. He alleges

counsel failed to explain the nature of those charges, including their elements, dates, locations, and factual circumstances, and improperly relied on the State's intention to pursue those charges to induce him to plead guilty. According to Davis, had counsel adequately investigated and advised him concerning the additional charges, he would have rejected the negotiated plea and proceeded to trial.

The state post-conviction court rejected this claim on the merits. It concluded that the record refuted Davis's allegation that counsel failed to explain the additional charges or improperly coerced him into pleading guilty. The court noted that, during the plea colloquy, Davis confirmed that no one was forcing or coercing him to enter the plea, although he acknowledged that the State's intention to pursue additional charges influenced his decision. The court further found that counsel accurately advised Davis that the State intended to file five additional charges if he rejected the plea offer. It also relied on Davis's contemporaneous motion to withdraw his plea, in which he acknowledged that he knew the State intended to charge three additional counts of capital sexual battery and two counts of lewd or lascivious molestation. Finally, the court concluded that counsel could not have advised Davis on the specific factual details of those offenses because the State had no obligation to provide discovery regarding charges that had not yet been filed. (Ex. 18 at 5.)

That determination was neither contrary to nor an unreasonable application of *Strickland* and *Hill*. The post-conviction court reasonably concluded that Davis's own contemporaneous filings substantially undermined his present allegations. Although Davis now asserts that counsel failed to explain the nature of the proposed charges,

his motion to withdraw the plea demonstrates that he understood the State intended to pursue three additional counts of capital sexual battery and two counts of lewd or lascivious molestation if plea negotiations failed. (Resp. Ex. 18 at 5). The state court reasonably relied upon that contemporaneous filing in concluding that Davis's present assertions were unsupported by the record.

The post-conviction court likewise reasonably rejected Davis's contention that counsel performed deficiently by failing to explain the specific dates, locations, and circumstances of the uncharged offenses. As the state court observed, the State was not required to provide discovery concerning offenses that had not yet been charged. (Resp. Ex. 18 at 5). Counsel, therefore, could not reasonably be expected to advise Davis regarding factual details the State was not yet obligated to disclose. Counsel also does not render ineffective assistance by accurately advising a defendant of the risks attendant to rejecting a negotiated plea offer, including the possibility that the State will pursue additional supported charges. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364–65 (1978). On this record, the post-conviction court reasonably concluded Davis failed to establish deficient performance.

Nor did the post-conviction court unreasonably reject Davis's claim of prejudice. The plea colloquy reflects that Davis knowingly and voluntarily accepted the negotiated plea after consulting with counsel and understanding the consequences of his decision. The post-conviction court further noted that the victim had reported more than fifty incidents of sexual abuse, while Davis was charged with only three counts of capital sexual battery before the plea agreement. (Resp. Ex. 18 at 6). Thus,

the record supported counsel's advice that the State intended to pursue additional charges if negotiations proved unsuccessful. Under these circumstances, the post-conviction court reasonably concluded that Davis failed to demonstrate a reasonable probability that, absent counsel's alleged deficiencies, he would have rejected the negotiated plea and insisted on proceeding to trial.

Under AEDPA's doubly deferential standard, fair-minded jurists could agree with the post-conviction court's rejection of this ineffective-assistance claim. Accordingly, Davis has failed to demonstrate that the state court's adjudication was contrary to, or involved an unreasonable application of *Strickland* and *Hill*, or rested on an unreasonable determination of the facts. Ground Four, therefore, does not warrant federal habeas relief.

**IV. Conclusion**

1. Davis's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Davis and to **CLOSE** this case.

2. Davis is not entitled to a certificate of appealability ("COA"). Under Section 2253(c)(1), a prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. Instead, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Davis must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Davis has not made the requisite showing. Finally, because Davis is not entitled to a certificate of appealability, he has no right to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on August 11, 2026.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

**Copies to:**
*Pro se* Petitioner
Counsel of record